CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT CHARLES HALL,** | ) | CASE NO. 7:18CV00577 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **HAROLD CLARK, ET AL.,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Robert Charles Hall, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement under a 2017 state court criminal judgment. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice to allow Hall to exhaust state court remedies.

On January 5, 2017, the Nelson County Circuit Court sentenced Hall to consecutive eight-year terms of imprisonment for convictions of forcible sodomy and object sexual penetration. His appeals, which were unsuccessful, concluded when the Supreme Court of Virginia denied his petition for rehearing on October 5, 2018.

Hall filed his § 2254 petition in November of 2018. He alleges that he is in custody in violation of the Constitution because (1) the evidence was insufficient to support his convictions and (2) his trial attorney provided ineffective assistance. Hall states that he has not filed any other court actions related to these convictions. Similarly, state court records online do not reflect that Hall has filed any petition for a writ of habeas corpus in the circuit court or the Supreme Court of Virginia.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest

state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001). To exhaust his state court remedies, Hall can file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-406(B), or he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court could grant relief under § 2254 on an ineffective assistance claim. If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. Slayton v. Smith, 404 U.S. 53, 54 (1971).

Hall indicates that he raised his insufficient evidence claim to the Virginia Court of Appeals and the Supreme Court of Virginia in his direct appeal proceedings. As such, he has exhausted state court remedies as to this claim. Hall admits, however, that he has not presented his ineffective assistance of counsel claims to any state court. He could still do so by filing a state habeas corpus proceeding as described above. See Va. Code Ann. § 8.01-654(A)(2) (providing that habeas petition attacking criminal conviction or sentence "shall be filed within one year from final disposition of direct appeal). Thus, he has not satisfied the exhaustion requirement under § 2254(b) as to these claims. Generally, a district court must dismiss without prejudice a habeas petition containing both unexhausted and exhausted claims.[1] Rose v. Lundy, 455 U.S. 509, 522 (1982). The court finds it appropriate to do so in this case. Dismissal of the

---

[1] Under 28 U.S.C. § 2254(b), where it is clear that an unexhausted claim is without merit, the court may deny relief on that claim. The court makes no such finding in this case.

2

petition without prejudice leaves Hall "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. Hall is advised, however, that in most cases, a state inmate only has one chance to prosecute a federal habeas corpus petition. If Hall pursues only his insufficient evidence claims in a § 2254 petition now, and waits to file his ineffective assistance claims in a second § 2254 petition at some later time, the later petition will likely be summarily dismissed under 28 U.S.C. § 2254(h) as successive. He is also advised that he has a limited time to file a § 2254 petition, although that time period will stop running while properly filed habeas corpus proceedings are proceeding in state court. See 28 U.S.C. § 2244(d). At the conclusion of state habeas proceedings, if Hall is dissatisfied with the result, he may then raise all of his habeas claims in this court in a new § 2254 petition that will not be considered successive under § 2254(h).

For the reasons stated, the court dismisses this mixed petition without prejudice. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 20th day of December, 2018.

_____
Senior United States District Judge